**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 06-299-JBC**

**JUSTIN CRAWFORD, ET AL.,**                                              **PLAINTIFFS,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**LEXINGTON-FAYETTE URBAN**
**COUNTY GOVERNMENT,**                                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the issue of the applicability of the "first

responder" regulation, 29 C.F.R. §541.3(b), to the present case.  The court, having

reviewed the record and being sufficiently advised, finds that the "first responder"

regulation, 29 C.F.R § 541.3(b), does not preclude an analysis of whether an

employee qualifies as an exempt executive or administrative employee.

**I.     BACKGROUND**

The plaintiffs are current and former employees of the defendant, the

Lexington-Fayette Urban County Government ("LFUCG"), at LFUCG's Division of

Community Corrections ("DCC").  In their complaint, the plaintiffs allege that "the

DCC has engaged in long-standing, widespread, and multiple violations of the Fair

Labor Standards Act . . ., 29 U.S.C. § 201, et seq., and of the Kentucky Wages

and Hours Act . . ., KRS Chapter 337."

On January 10, 2007, this court granted the defendant's motion to dismiss

the plaintiff's state-law claims.  DE 85.  On January 26, 2007, this court

conditionally certified a collective action under the FLSA, allowing the plaintiff to send notice to putative class members who would then decide whether to opt in to the collective action.  DE 97.  On May 28, 2008, this court conditionally certified three subclasses: "Subclass A" comprised of all plaintiffs who claim that the LFUCG has a policy or practice of denying the plaintiffs a bona fide meal break; "Subclass B" comprised of plaintiffs who hold or who have held the rank of Lieutenant and assert that they have improperly received "compensatory time" in lieu of overtime pay; and "Subclass C" comprised of plaintiffs who hold or who have held the rank of Captain and assert that they have improperly received "compensatory time" in lieu of overtime pay.  DE 311.

The DCC is responsible for the operation of the Fayette County Detention Center and the Community Alternative Program.  The detention center houses hundreds of inmates.  The DCC's organizational structure is pyramidal in shape, with the Director at the apex and approximately three hundred Community Corrections Officers ("CCOs") at the base.  Between the Director and the CCOs are five levels of ranks which, in descending order under the Director, are Assistant Directors, Majors, Captains, Lieutenants, Sergeants, and the honorary rank of Corporal.  The Division is organized into five bureaus: Administration; Information Services; Operations; Programs, Services and Community Placement; and Professional Standards.  DE 338 at 4.  The Operations bureau consists of the Custody, Intake, Master Control, and Auxiliary Services units.  *Id.*  The Custody

2

unit is responsible for direct supervision and control of the inmates, who are confined to housing units.  *Id.*  The Intake unit is responsible for booking arrestees, processing them into the facility, obtaining and maintaining custody of their personal property, and processing them out of the facility when they have served their time or are freed on bond.  *Id.*  The Master Control unit controls access to inmate housing units and other areas of the facility, monitors all areas of the facility using cameras, and mans the main lobby used by the public.  *Id.*  Finally, the Auxiliary Services unit transports inmates to courts and maintains custody and control of them when they are at the courthouse.  *Id.*  The Lieutenants and Captains who have joined this suit, and who are the focus of this motion, work or have worked in one of these units.

## II.      EXEMPTION UNDER THE FAIR LABOR STANDARDS ACT

The FLSA requires employers to pay their employees time-and-a-half for work in excess of forty hours per workweek.  29 U.S.C. § 207(a)(1).  However, employers are not required to pay overtime to persons employed in a bona fide executive or administrative capacity.  29 U.S.C. § 213(a)(1).  While Congress has not defined the terms "executive" or "administrative," the Department of Labor ("DOL") has promulgated extensive regulations that are used to determine whether an exemption applies.  The exemptions to the FLSA's overtime provisions are to be "narrowly construed against the employers seeking to assert them," and the employer bears the burden in proving that an employee falls under the exemption.

3

*Martin v. Indiana Michigan Power Co.,* 381 F.3d 574, 578 (6th Cir. 2004)(quoting *Douglas v. Argo-Tech Corp.,* 113 F.3d 67 (6th Cir. 1997)).

Currently, the DCC classifies its Lieutenants, Captains, and Majors as "exempt" employees. The plaintiffs assert that they are not "exempt" under the FLSA.[1] The plaintiffs allege that the practice of refusing to pay overtime compensation to the DCC Lieutenants and Captains, and instead awarding "compensatory time" to those employees, violates the Fair Labor Standards Act ("FLSA"). Further, the plaintiffs have alleged that, regardless of rank, they are required to perform work during time periods for which they are not paid, and are therefore entitled to compensation under the FLSA. Whether the ranks of Lieutenant and Captain may assert those claims depends upon a determination of whether the defendant has properly classified those ranks as "exempt." The defendants have asserted that the DCC Lieutenants and Captains are exempt under either the executive[2] or administrative[3] exemption.

---

[1] This court denied cross-motions for summary judgment on the issue of whether the plaintiffs who are DCC Lieutenants and Captains are exempt employees, because there are genuine issues of material fact.

[2] Regulations issued by the DOL and in effect until August 23, 2004, provided that employees fell within the executive exemption if (1) they were compensated on a salary basis at a rate of not less than $250 per week, (2) their primary duty consisted of management of the enterprise in which they were employed or of a customarily recognized department or subdivision thereof, and (3) their duties included the customary and regular direction of the work of two or more employees. 29 C.F.R. § 541.1(f). Effective August 23, 2004, the regulations describe an exempt "executive" employee as an employee (1) who is compensated on a salary basis at a rate of not less than $455 per week, (2) whose primary duty is management of the enterprise in which the employee is employed or

The plaintiffs also contend that without regard to whether the plaintiffs who are Lieutenants and Captains satisfy the elements of the executive or administrative exemption, the defendant's exemption defense fails pursuant to the "first responder" regulation, 29 C.F.R. § 541.3(b)(1), made effective by the DOL as of August 23, 2004.  At issue is whether the "detention and supervision" of inmates, which is a first-responder activity, precludes an analysis of whether an employee may be exempt under the FLSA regulations.

## III.  "FIRST RESPONDER" REGULATION

Prior to 2004, the DOL regulations did not explicitly address the exempt status of police officers and other first responders.  Significant litigation arose to determine whether such employees met the requirements for the executive, administrative or professional exemption.  *See* 69 Fed. Reg. 22122-01, 22129-22130 (April 23, 2004)(discussing case law determining whether such employees met exemption requirements).  In 2004, the DOL added 29 C.F.R. § 541.3(b)(1) to address the application of overtime exemptions to police officers and other first

---

of a customarily recognized department or subdivision thereof, (3) who customarily and regularly directs the work of two or more other employees, and (4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  29 C.F.R. §541.100(a).

[3] An employee in a bona fide administrative capacity is any employee (1) compensated on a salary basis of not less than $455 per week; (2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer; and (3) whose primary duty includes the exercises of discretion and independent judgment with respect to matters of significance.  29 C.F.R. § 541.200.

responders, such as correctional officers.  29 C.F.R. § 541.3(b)(1) provides:

> The section 13(a)(1) exemptions and the regulations in this part also do not apply to police officers, detectives, . . . **correctional officers**, . . . fire fighters, . . . **regardless of rank or pay level**, who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; **detaining or supervising suspected and convicted criminals**, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work.

(emphasis added).  The regulation further explains:

> (2) Such employees do not qualify as exempt executive employees because their primary duty is not management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof as required under § 541.100. . . .

> (3)  Such employees do not qualify as exempt administrative employees because their primary duty is not the performance of work directly related to the management or general business operations of the employer or the employer's customers as required under § 541.200.

29 C.F.R. § 541.3(b).

In creating the new regulation, the DOL stated that it had no intention of departing from established law.  69 Fed. Reg. 22122-01, 22129-22130.  The DOL intended "to make clear in [the] revisions to the Part 541 regulations that such police officers, fire fighters, paramedics, EMTs and other first responders are entitled to overtime pay.  Police sergeants, for example, are entitled to overtime pay even if they direct the work of other police officers because their primary duty is not management or directly related to management or general business operations."

6

69 Fed. Reg. 22129.  Yet, the DOL also noted:

> Federal courts have found high-level police and fire officials to be exempt executive or administrative employees only if, in addition to satisfying the other pertinent requirements, such as directing the work of two or more other full time employees as required for the executive exemption, their primary duty is performing managerial tasks such as evaluating personnel performance; enforcing and imposing penalties for violations of the rules and regulations; making recommendations as to hiring, promotion, discipline or termination; coordinating and implementing training programs; maintaining company payroll and personnel records; handling community complaints, including determining whether to refer such complaints to internal affairs for further investigation . . . .

69 Fed. Reg. 22130.  Thus, the "first responder" regulation clarifies that an employee who detains or supervises suspected and convicted criminals will not become exempt merely because he or she also performs supervisory duties or has a high pay level.  29 C.F.R. § 541.3(b)(2) ("Thus, for example, a police officer or fire fighter whose primary duty is to investigate crimes or fight fires is not exempt under section 13(a)(1) of the Act merely because the police officer or fire fighter also directs the work of other employees in the conduct of an investigation or fighting a firing.").  However, the regulation also indicates that such employees are not exempt under the executive exemption, regardless of rank, *because* their primary duty is not management.  Read another way, if an employees' primary duties are management, they may qualify as exempt even if detention and supervision of suspected and convicted criminals are a part of their job.  *See* 29 C.F.R. § 541.2 (The exempt or nonexempt status of any particular employee must

be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations); 29 C.F.R. § 541.106 ("concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements of § 541.100 are otherwise met.").

This reading is consistent with the Wage and Hour Division 2005 Opinion Letter in which the DOL determined that high-ranking police officers (police lieutenants and captains) and fire battalion chiefs were exempt because their primary duties were managerial.  Wage and Hour Opinion Letter, FLSA 2005-40 (Oct. 14, 2005), available at 2005 WL 3308611.[4]  Specifically, the DOL 2005 Opinion Letter stated that "the § 13(a)(1) exemptions may apply to police lieutenants, police captains, and fire battalion chiefs positions so long as the employees in these positions meet all of the requirements set out in the

---

[4]The Wage and Hour Division concluded that the positions met the primary duty requirement of management laid out in the regulations.  For instance, the job duties of the police lieutenants included: "supervising a group of Police Officers and Sergeants assigned to patrol duties; deploying patrol units in accordance with needs of the workload; planning, directing, and coordinating activities of any of the special units; assisting and instructing Police Officers and Sergeants in handling difficult problems; conducting and participating in training courses; supervising and participating in the development and maintenance of a police records system; performing employee appraisals on subordinates; and disciplining subordinates when required . . . . supervising, commanding and reviewing work of station and field personnel; assisting in the direction of the training and development of personnel; assisting in budget preparation and management; and coordinating and directing expenditures, material acquisition, and maintenance."

Regulations." *Id.*[5]  Referring to this opinion, the Secretary of Labor commented that the non-exhaustive  list of managerial duties performed by high-ranking police officers, as listed in the opinion letter, reinforced "the Secretary's position that front-line law enforcement, such as patrolling, firing taser guns, serving warrants, participating in and making arrests, investigating crimes, interviewing and interrogating witnesses, and securing crime scenes are front-line law enforcement activities that are not management tasks under section 541.3(b)."  Brief of the Secretary of Labor as Amicus in the Disposition of Plaintiffs' Motion for Summary Judgment in *Mullins v. City of New York,* 523 F. Supp. 2d 339 (S.D.N.Y. 2007) ("SOL Amicus Brief") at 11.  Because they perform front-line activities, such employees are entitled to overtime.  Additionally, the Secretary stated that the "new regulations do not depart from the established case law in which application of the duties test determines whether a given employee is exempt."  SOL Amicus Brief at 6.  The new regulation was added to clarify that front-line police officers, regardless of rank, whose *primary duty* is law enforcement activities such as preventing and detecting crimes and conducting investigations, even as they are concurrently directing the work of other employees in the conduct of an

---

[5] The plaintiffs argue that the opinion letter is inapplicable in this case because the specific details about the employment conditions of the police and fire employees in the 2005 Opinion Letter represented individuals who had authority to make recommendations about the hiring, firing, and advancement of other employees which were accorded particular weight.  The court has found that whether or not the Lieutenants' and Captains' recommendations are given "particular weight" is a factual question for the jury.

investigation, are not exempt from the FLSA's overtime requirements because their primary duty is not management of the enterprise, as such front-line enforcement activities are not management tasks. *Id.* at 5-6. The court finds that the 2005 Opinion Letter[6] and SOL Amicus Brief indicate that a court may evaluate whether a high-level corrections officer is exempt under the FLSA regulations, even if that officer is also a "first responder."

Case law also further supports this conclusion. Notwithstanding the Secretary of Labor's conclusion that the reference to police sergeants in the preamble to the revised regulations effectively disposes of the issue of the sergeants' primary duty, the *Mullins* court applied the duties test to police

---

[6]While courts do not accord *Chevron* deference to non-binding advisory opinions of an administrative agency, an opinion of the Administrator of the Wage and Hour Division of the DOL can have persuasive value if that position is thoroughly considered and well-reasoned. *Kilgore v. Outback Steakhouse of Florida, Inc.,* 160 F.3d 294 (6th Cir. 1998); *see also City of Cleveland v. Ohio,* 508 F.3d 827, 844 (6th Cir. 2007) ("When a regulation's meaning is clear, the agency is bound by its terms and may not, under the guise of interpreting a regulation, create *de facto* a new regulation. Nonetheless, an agency's interpretations of its own rules are entitled to deference as long as they are reasonable, are clear, and are clearly applicable in [the] case."). The plaintiffs argue that the regulation unambiguously states that corrections officers who detain and supervise suspected and convicted criminals are non-exempt, even if they hold high ranks, receive high pay, and also perform supervisory duties. However, the plaintiffs ignore the fact that the regulation goes on to explain that such employees are non-exempt *"because* their primary duty is not management of the enterprise." 29 C.F.R. § 541.3(b)(2) (emphasis added). The court finds the DOL 2005 Opinion Letter is persuasive in this case, as it is consistent with §541.3(b)(2). The DOL 2005 Opinion Letter analyzes primary duties beyond mere supervision which satisfy the management requirement of exempt executive employees. The opinion letter is also persuasive because it is consistent with the preamble to the DOL's revised regulations, which states that federal courts have found such officials exempt.

10

sergeants and found their primary duty to be management.[7]  523 F. Supp. 2d 339.

*See* SOL Amicus Brief at 6-8 ("The preamble cites police sergeants as an example

of a first responder who typically is nonexempt ... the Secretary [of Labor]'s

interpretation, as discussed in the preamble to the final rule and in this brief, is

dispositive.").  The *Mullins* court found that "the new regulations do not depart

from the established case law in which application of the duties test determines

whether a given employee is exempt.  As such, courts continue to apply the

primary duty test to sergeants' post-August 23, 2004 claims." *Id.* at 354.  *Murphy*

*v. Town of Natick,* 516 F. Supp. 2d 153 (D. Mass. 2007), also applied the duties

test to police sergeants and lieutenants.  The *Murphy* court found that sergeants

and lieutenants were exempt from the FLSA's overtime provisions while detectives,

under § 541.3(b)(1), were not exempt.  *Id.*  The court stated:

> The preamble to the 2004 DOL regulations is, however, applicable to
> officers who hold the rank of detective.  The preamble provides, in
> pertinent part, that the overtime exemptions do not apply to police

---

[7]*Mullins* certified an interlocutory appeal from its order that addressed whether the "first responder" regulation "mandates the non-exemption of police sergeants" and whether "the reference to police sergeants in the preamble to the DOL's revised regulations as an example of first responders who are entitled to overtime compensation because their primary duty is not management, disposes of the primary duty inquiry as it pertains to police sergeants as a class of employees." *Mullins v. City of New York,* 2008 WL 118369 (S.D.N.Y. 2008).  The *Mullins* court hopes the Court of Appeals will clarify the extent to which a court must independently evaluate the primary duties of police sergeants in light of the language found in the DOL's preamble and revised regulations.  *Id.*  Because correctional officers are not specifically addressed in the preamble, as opposed to the explicit reference to sergeants, this court finds the resolution of that appeal will not affect its ruling in this case.

11

officers who perform work such as "preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining, and apprehending suspects; detaining or supervising suspected and convicted criminals; . . . interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work." 29 C.F.R. § 541.3(b)(1).  Detectives are employed at the same wage rank as ordinary patrol officers and fit squarely within the language of the preamble.

Id. at 160.  Murphy demonstrates that certain first-responder officers can be exempt under the new regulations.  It further indicates that the analysis of whether an employee's primary duty is management is key in determining whether the "first responder" regulation will apply.  See Id. at 159 (discussing managerial duties of the sergeants and lieutenants);[8] see also Bennet v. City of Gould, 2007 WL 1288612 (E.D. Ark. 2007)(finding police chief exempt despite § 541.3(b)(1) because his managerial duties were significant and the city gave him authority to hire and fire).

_____

[8]  In order to be an exempt executive, the employee must have the primary duty of management.  29 C.F.R. § 541.100(a)(2).  The Murphy court noted that the sergeants directed the work of other officers, worked relatively free from supervision, exercised their judgment and discretion without direct oversight by their commanding officers, were often the only superior officers on duty, directed the response to and the investigation of crimes and accidents, and were more highly compensated than patrol officers.  Id. at 159.  Although the court did not specifically cite the primary duty factors listed at 29 C.F.R. § 541.700, the court's findings clearly relate to those primary duty factors.  See 29 C.F.R. § 541.700 ("Factors to be considered in determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.").

Based on the foregoing, the court concludes that the DOL intended that the regulation ensure first responders, that is employees on the front-line, were entitled to overtime, regardless of what rank those first-responders held.  However, the court also concludes that the DOL did not intend to bar all first-responders, such as law enforcement and correctional officers, from qualifying as exempt.  In coming to this conclusion, the court relies upon the DOL's general approval of classifying certain high-ranking officers as exempt, as seen in both its amicus brief filed in *Mullins* and also its 2005 Opinion Letter.

Thus, as applied in this case, if a correctional officer primarily detains and supervises suspected and convicted criminals, that officer will not be exempt, regardless of his or her rank and regardless of the fact that the officer may also supervise other employees.  However, just as high-level police officers have been found to be exempt after the 2004 regulation, high-level correctional officers may be exempt, but only if those officers meet the requirements of exemptions under the FLSA.  The parties dispute the primary duties of the Lieutenants and Captains. The plaintiffs argue that the primary duty of Lieutenants and Captains is detaining and supervising suspected and convicted criminals, and therefore, they are "first responders" and not exempt executive or administrative employees.  For instance, the plaintiffs argue that Lieutenants and Captains must respond to signals and codes signaling inmate altercations or problems and must physically intervene and restrain inmates in order to return the facility to a safe and secure status.  Because

13

of the interaction with inmates at the DCC, the plaintiffs believe that the defendant's exemption defense fails pursuant to the "first responder" regulation, as the work of detaining and supervising suspected and convicted criminals cannot qualify as exempt work.

While such work does not qualify as exempt, the defendant has presented evidence that the primary duty of DCC Lieutenants and Captains is management of the facility. "Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements of § 541.100 are otherwise met." 29 C.F.R. § 541.106. In fact, in *Mullins* it was undisputed that the plaintiffs performed law-enforcement duties alongside patrol officers in the field, but the court still found that the plaintiffs' primary duty was management. *Mullins,* 523 F.Supp.2d at 357. Thus, this court must determine what constitutes the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). However, the court finds that genuine issues of material fact preclude a finding as a matter of law as to whether these DCC Lieutenants and Captains are "first responders." *See e.g.* DE 254 (John Reams testifying that he does not detain and supervise inmates); DE 194 (Randolph Jones testifying that, depending on staffing issues, he may have to help get arrestees padded in). Once a factual finding is made by a jury as to the nature of the duties of the DCC Lieutenants and Captains, this court can determine as a matter of law whether such employees are exempt based on the "first responder"

14

regulation and the FLSA exemptions.

IV.    CONCLUSION

Accordingly,

The court finds that the "first responder" regulation, 29 C.F.R. § 541.3(b), does not preclude the DCC correctional officers from being exempt under the FLSA regulations.  The officers' exempt status turns on whether their salary and duties meet the requirements of the regulations.  Further, the DCC correctional officers who primarily work the "front line," detaining and supervising suspected and convicted criminals, are not exempt, regardless of their rank, pay level, and supervision of other officers.  The nature of their primary duties (i.e., whether they are managerial or whether they are detention and supervision) is a factual question for the jury.

**IT IS SO ORDERED.**

Signed on  June 25, 2008

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY